IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Bankruptcy No. 18-22760-GLT |
| | : | |
| CRAIG H. LIPINSKI | : | Chapter 7 |
| | : | Related to: |
| *Debtor* | : | Doc. No. 33 |
| | : | |
| JEFFREY J. SIKIRICA, Trustee | : | |
| | : | |
| Movant | : | |
| | : | |
| v. | : | |
| | : | |
| NO RESPONDENTS. | : | |

**FILED**
NOV 29 2018
CLERK, U.S. BANKRUPTCY COURT
WEST DIST. OF PENNSYLVANIA

## ORDER CONFIRMING SALE OF MOTOR VEHICLE FREE AND DIVESTED OF LIENS, CLAIMS AND ENCUMBRANCES

**AND NOW** this 29th day of November, **2018**, on consideration of the "Motion of Chapter 7 Trustee for an Order approving the sale of Motor Vehicle of the Debtor's Estate free and clear of liens, claims, interests, and encumbrances pursuant to 11 U.S.C. §§ 105 and 363, and related relief" (hereinafter the "Sale Motion") filed by Jeffrey J. Sikirica, Chapter 7 Trustee for Craig H. Lipinski (hereinafter the "Trustee"), after notice and hearing held on Nov. 29, 2018 at 10:30 a.m. before Judge Gregory L. Taddonio in Courtroom A, 54th Floor, U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA 15219 (hereinafter the "Sale Hearing"), this Court finds:

1. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding by Bankruptcy Rule 9014.

2. This Court has jurisdiction to hear and determine the within matter pursuant to 28 U.S.C. §§157 and 1134.

3. Venue is proper pursuant to 28 U.S.C. §1409.

4. Determination of the relief sought at the Sale Hearing is a core proceeding under 28 U.S.C. §157(b)(2)(A) and (N). The statutory predicates for the relief provided for herein are Bankruptcy Code §§105 and 363 and Bankruptcy Rules 2002 and 6004 and W.PA.LBR 6004-1 and 9013-3.

5. That Service of the Motion and the Notice of Sale was properly made.

6. That sufficient general notice of said hearing and sale, together with the confirmation hearing thereon, was given to the creditors and parties in interest by the moving party shown by the certificates of service duly filed and that the named parties were duly served with the Sale Motion.

7. That the Notice of Sale was duly advertised on the Court's website pursuant to W.PA.LBR 6004-1(c) on  October 31, 2018, in the Pittsburgh Post-Gazette on November 12, 2018, in the Pittsburgh Legal Journal on November 12, 2018, as shown by the Proofs of Publication duly filed or to be filed this Bankruptcy case.

8. That the sale of the Nissan and as contemplated by the Sale Motion is being made **AS IS, WHERE IS and WITH ALL FAULTS** and with no representations and/or warranties of any kind.

9. That at the Sale Hearing, all objections to the sale, if any, were heard and overruled.

Now therefore, **IT IS ORDERED, ADJUDGED and DECREED** that the sale of the 2010 Nissan 370Z, VIN JN1AZ4FH0AM301086 (hereinafter the "Nissan") owned by the Debtor is hereby CONFIRMED to  Wayne Gress or his ~~or its~~ assigns for $ 6,900  free and divested of any and all liens, claims and encumbrances.

**IT IS FURTHER ORDERED** that the Successful Bidder acted in good faith with respect to the within sale in accordance with the *In re Abbots Dairies of Pennsylvania, Inc.,* 788 F.2d. 143 (3d Cir. 1986).

**IT IS FURTHER ORDERED** that the Successful Bidder Purchase Price was the highest and best offer made at the Sale Hearing and is a fair and reasonable price for the Nissan.

    **IT IS FURTHER ORDERED** the sale is "**AS IS, WHERE IS and WITH ALL FAULTS**" and with no representations and/or warranties of any kind expressed or implied.

    **IT IS FURTHER ORDERED** that the Chapter 7 Trustee is authorized to make and execute on behalf of the Debtor any and all documents necessary to transfer title to the Nissan.

    **IT IS FURTHER ORDERED** that the sale of the Nissan to the Successful Bidder shall be free, clear and divested of any and all liens, claims and encumbrances, and, if any liens, claims and encumbrances unknown at this time arise, to the extent they may be determined to be valid liens, claims, interests and encumbrances against the Nissan, shall transfer to the proceeds of the sale. .

    **IT IS FURTHER ORDERED** that the closing shall occur on or before 10 days after this Order becomes final and non-appealable (the "Closing Date").

    **IT IS FURTHER ORDERED** that pursuant to W.PA.LBR. 6004-1(c)(4), within seven (7) calendar days of the Closing Date, the Trustee shall file a report of sale.

    **IT IS FURTHER ORDERED** that this Order survives any dismissal or conversion of the above captioned bankruptcy cases.

    Prepared by: Jeffrey J. Sikirica, Esq.

                                               BY THE COURT:

_____
Gregory L. Taddonio
Judge United States Bankruptcy Court