**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | Bankruptcy No. 18-22760-GLT |
| | : | |
| CRAIG LIPINSKI | : | Chapter 7 |
| | : | |
| *Debtor* | : | Document No. _____ |
| | : | |
| JEFFREY J. SIKIRICA, TRUSTEE | : | |
| | : | |
| Movant | : | |
| | : | |
| v. | : | |
| | : | |
| CRAIG LIPINSKI | : | |
| | : | |
| Respondent. | : | |

**MOTION TO AUTHORIZE TRUSTEE TO ISSUE A DEED IN LIEU OF FORECLOSURE**

Jeffrey J. Sikirica, Esquire, Chapter 7 Trustee (the "Trustee") for the above referenced debtor(s) (the "Debtor"), by and through his undersigned counsel, files this "Motion to Authorize Trustee to Issue a Deed in Lieu of Foreclosure" stating in support thereof the following:

**JURISDICTION**

1. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

**BACKGROUND**

3. On July 9, 2018, the Debtor commenced this case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

4. On July 10, 2018, Jeffrey J. Sikirica was appointed as Chapter 7 trustee and has been so serving.

5. The Debtor is the owner of real property located at **8437 Papelon Way, Jackonville, FL 33217** (the "Property"). The Debtor has been sentenced and incarcerated and he has indicated to the Trustee his intention to abandon the Property.

6. The Debtor has no equity in the Property. The Debtor's schedules reflect that the Property is currently worth $300,000.00, but is subject to a first mortgage lien (the "Senior Mortgage") currently assigned to Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust, not individually but as Trustee for Pretium Mortgage Acquisition Trust and loan serviced at the time of filing by Seterus, Inc. (the "Secured Creditor") in the amount of $428,551.93 as of November 1, 2019.

7. On January 7, 2019, upon motion of the Trustee, this Court approved the retention of BK Global Real Estate Services (hereinafter "BK Global") and Core Realty, LLC (hereinafter "Core") at Docket 58 to attempt to negotiate a short sale of the property with an intended carve out for the Bankruptcy Estate.

8. Despite listing the property at $325,000.00, offers were only received in the lower $200,000.00 dollar range.

9. The property is in poor condition and will require a substantial amount of money to bring it into a condition comparable to homes in its area.

10. Since the offers were so low the Secured Creditor wishes to proceed with foreclosing on the property.

11. As an alternative BK Global and Core have negotiated with the Secured Creditor to accept a Deed in Lieu of Foreclosure for the payment of $13,000.00.

12. The payment by the Secured Creditor would be on the condition that the outstanding Village of San Jose Owners Association (hereinafter "HOA") fees are paid from the $13,000.00.

13. As of November the HOA fees due are approximately $3,800.00.

14. From the $13,000.00 BK Global is requesting $1,500.00 in lieu of $2,500.00 for their services and Core is requesting $250.00 in lieu of $500.00 which basically covers Core's marketing expenses.

15. After payment of the HOA fees due at the time the Deed in Lieu of Foreclosure would be executed, the Bankruptcy Estate would net over $7,000.00.

16. The alternative would be for the Trustee to abandon the real estate which would not benefit the estate's creditors.

17. The Trustee has spoken with a Certified Public Accountant to very that this transaction will not create a tax liability for the Bankruptcy Estate.

18. The Trustee is currently holding about $11,500.00 in funds and the claims filed total $47,000.00.

19. The additional proceeds that could be obtained by the Bankruptcy Estate for agreeing to the Deed in Lieu of Foreclosure would almost double the percentage paid to creditors that filed claims.

WHEREFORE, for the foregoing reasons the Trustee respectfully requests that this Honorable Court enter an order authorizing the Trustee to execute a Deed in Lieu of Foreclosure in favor of the Secured Creditor for the Property set forth in this Motion.

Dated: November 14, 2019                              Respectfully submitted,

*/s/ Jeffrey J. Sikirica*
Jeffrey J. Sikirica, Esquire
*Counsel to the Trustee*
121 Northbrook Drive
Gibsonia, PA 15044
(724) 625-2566
sikiricalaw@zoominternet.net
PA ID# 36745